# WILLIAM JUSTEN AND ANOTHER v. JOHN OXBORO AND OTHERS.[1]

January 31, 1941.

No. 32,559.

*Clarence O. Johnson,* for appellant.
*Jacob Garon,* for respondents William and Caroline Justen.
*Marshall S. Snyder,* for respondent John Oxboro.

LORING, JUSTICE.

This is a suit to enjoin the removal of a building from a one-half acre leasehold located at the corner of Penn avenue and state highways Nos. 5 and 100 in Hennepin county. Plaintiffs had judgment in their favor, and the defendant Ida Justen has appealed therefrom.

[1]Reported in 296 N. W. 169.

August 1, 1932, Sarah Justen, who was the then owner of the premises, leased the one-half acre to her grandson Alphonse Justen. No restriction was contained in the lease as to the use of the premises, but it was provided that "lessee is going to erect a building for a vegetable stand on the property and lessor agrees that lessee shall have the right to remove all buildings he erects at the termination of this lease." The lessee proceeded to erect a building suitable for a vegetable stand, and in the following year he somewhat enlarged the building and conducted a beer parlor in it, soon abandoning the vegetable business. The original building was 18 x 32 with basement and foundation. On enlarging it to a beer parlor, he added eight feet to the length, making it 18 x 40. The foundation was of concrete blocks. Alphonse was a single man and died June 24, 1935, leaving his mother, Ida Justen, this appellant, as his sole heir. No probate proceedings have been had in his estate. Ida Justen sublet the premises to the defendant John Oxboro, who is not an appellant here and who continued to conduct a beer parlor. Rent was paid to Sarah during the term of the written lease. August 4, 1937, she sold and conveyed the premises to the plaintiffs, William and Caroline Justen, her son and daughter-in-law. In October, 1937, following the expiration of the lease and before there was any attempt to remove the building, Ida Justen had a conversation with the plaintiff Will relative to the renting of the property. He said to her, "I think we will have to draw a new lease because I bought the land." She asked him, "How much, how long he would let me have it, for how long?" and he said, "Oh, just a year at a time." She then said, "Well, if it is only a year at a time we might just as well leave it as it is, didn't need to draw a new lease, as far as I am concerned," and he replied, "All right." His version was, "I don't know as it was said that way—just said didn't need to make—to bother with making out a new one." It was, however, agreed that the term of the lease should be changed to run from the first of July instead of the first of August on account of the beer license, and it was also agreed that Ida should pay $75 rent in-

stead of $50. This arrangement continued for two years, when the plaintiffs notified appellant that they would terminate the arrangement and occupy the property themselves. There followed some discussion about the building, the plaintiff Will making Ida an offer in regard to a payment to be made her therefor. However, they were so far apart on values that they did not get together, and Will told Ida that she could move the building off, that he would not pay her what she asked. Defendant Ida and her sublessee, Oxboro, then attempted to remove the building. Plaintiffs then discovered that the village council would not issue a beer license to them for that location if the building was moved, but that they would let the license follow the building. This suit followed, and a temporary injunction issued which was made permanent after trial.

The trial court interpreted the lease to restrict the use of the premises to the operation of a vegetable stand and held that its conversion to a beer parlor was a breach of the terms of the lease and that consequently the clause permitting its removal was ineffective, and the building became a part of the realty.

■ We think the trial court was in error in so construing the lease. As we view it, it contained no restriction whatever as to the use of the premises but announced the purpose of the lessee to erect a vegetable stand and then conferred upon him the right to remove all buildings he might erect at the termination of the lease. The court likewise interpreted the lease to provide for erection of a temporary vegetable stand only. Nothing in that regard appears in the lease.

■ The court found that the plaintiffs entered into a subsequent verbal lease with the defendant Ida Justen at $75 per year. We think the record compels a finding that this verbal arrangement was merely an extension of the written lease with all its terms as the appellant inherited them from her son. The subsequent dealings of the parties with reference to the building amounted to a practical construction that the terms of the written lease still applied.

■ The fact that no probate proceedings were had in the estate of Alphonse did not bar Ida from asserting her rights to the lease-hold and the building, which, under the terms of the lease, she had a right to remove. Plaintiffs had accepted her as their tenant upon the terms of the lease originally made with her son, subject only to the modifications noted above.

The judgment is reversed with directions to the trial court to enter judgment for the defendants.